REGAN, Judge.
Plaintiffs, Oscar B. Roark, owner and operator of a 1950 Studebaker, and his insurer, Emmco Insurance Company, instituted this suit against defendants, William A. Adams and his insurer, Globe Indemnity Company, endeavoring to recover the sum of $221.78, representing property damage incurred to Roark’s automobile on March 27th, 1950, at 5:30 p. m. by virtue of a collision in Peters Road, near Harvey, Louisiana, with a 1941 Cadillac, owned and operated by defendant Adams.
Defendants answered and denied that they were guilty of any negligence in the premises and, in the alternative, pleaded the contributory negligence of plaintiff Ro-ark. Defendant Adams, alone, further answered in reconvention and maintained that his car was damaged to the monetary extent of $723.54, and, accordingly, requested a judgment dismissing plaintiff’s suit and for judgment in reconvention of the foregoing amount.
The judge, a quo, rendered judgment dismissing both the main and reconventional demands. From that part of the judgment dismissing the reconventional demand, defendant Adams has prosecuted this appeal. Plaintiff Roark has answered the appeal and prayed that the judgment dismissing the reconventional demand be affirmed, but that the judgment dismissing the main demand be set aside and that he be awarded a judgment in the amount of $217.45. Hereinafter we shall refer to Roark as plaintiff and to Adams as the defendant.
The record reveals, as we have so often observed heretofore, the usual controversial facts and disputations ad infinitum, almost always present in a collision involving automobiles.
Plaintiff and defendant were both operating their automobiles in the same direction in Peters Road, a two lane gravel highway, at the respective speeds of thirty and forty miles per hour. Defendant was about two hundred yards in the rear of plaintiff, which fact had been observed by plaintiff. As plaintiff approached the entrance to Ayers Marine Service, which was situated to his left, he reduced the speed of his car and without any manifestation of a signal, started to move to the center of the highway, preparatory to the execution of a left turn. Simultaneously, he noticed out of the corner of his eye that defendant, who testified he “blew his horn”, had overtaken his vehicle and was on the verge of passing to his left. It was at this psychological inauspicious moment that the same incitement to action occurred to both drivers — plaintiff impulsively maneuvered his vehicle back to the right side of the road and stopped and defendant executed the same spontaneous maneuver, but failed to stop — with the inevitable result that defendant collided with the rear of plaintiff’s car.
Plaintiff contends that the trial judge erred in dismissing the main demand. Defendant, on the other hand, insists that in this respect the trial judge was correct, but maintains that he erred in dismissing the reconventional demand.
The only question posed for our consideration is one of fact and that is whether the concurring negligence of both drivers was the proximate cause of the collision.
The trial judge resolved the answer to this question in the affirmative and our careful examination of the evidence fails to disclose any error in his conclusion.
The record reflects the very evident fact that neither plaintiff nor defendant saw what could and should have been seen. It is further very evident that either driver could have avoided the collision by exercising even a normal and reasonable amount of care. Therefore, it is our opinion that the concurring negligence of both drivers was the proximate cause of the collision.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.